UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cr-00666-SRC |
| | ) | |
| MARQUISE S. HOYE, | ) | |
| | ) | |
| Defendant. | ) | |

### Order

A federal grand jury returned a one-count indictment against Marquise S. Hoye, charging him with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Docs. 1–2. Hoye now moves to dismiss the indictment, arguing that 18 U.S.C. 922(g)(1) is unconstitutional. Doc. 27. Hoye "acknowledges that current binding preceding [sic] in the Eighth Circuit forecloses the arguments being made in the instant motion (*United States v. Jackson*, 110 F.4th 1120, 1126 (8th Cir. 2024)), but submits that that precedent does not correctly apply the law and should be overruled by the 8th Circuit or the Supreme Court." *Id.* at 1 n.1 (The Court cites to page numbers as assigned by CM/ECF.).

The Court referred Hoye's motion to United States Magistrate John M. Bodenhausen pursuant to 28 U.S.C. § 636(b). *See* doc. 1-1 at 2. Judge Bodenhausen issued a Report and Recommendation, recommending that the Court deny Hoye's motion due to *Jackson*. Doc. 32. Hoye filed an objection to the R&R, doc. 33, and the United States filed a response, doc. 34.

When a party objects to a magistrate judge's R&R, the district judge must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination

of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)). In making its de novo determination, the Court reviewed the record related to Hoye's motion.

Unlike the Eighth Circuit, the Third Circuit is open to felony-by-felony challenges. Hoye claims the Third Circuit's holding in *Range v. Att'y Gen. United States*, 124 F.4th 218 (3d Cir. 2024) (en banc) is right and *Jackson*'s interpretation is not consistent with Supreme Court precedent. Doc. 33 at 4. *Range* does not apply in this Circuit, but the Court nonetheless addresses it.

In *Range*, the Third Circuit held that section 922(g)(1) was unconstitutional as applied to an individual convicted of food-stamp fraud. *See* 124 F.4th at 232. The Third Circuit found that "[t]he record contain[ed] no evidence that Range poses a physical danger to others." *Id.* Range had a conviction for making a false statement to obtain food stamps, minor traffic and parking infractions, and a summary offense for fishing without a license. *Id.* at 222–23.

The record establishes that Hoye's circumstances differ markedly from Range's. Hoye admitted that he "is a known associate of the Pressure Gang." Doc. 71 at 3, *United States v. Marquis S. Hoye*, No. 4:18-cr-00400-SRC-2 (E.D. Mo July 8, 2019) ("2018 crim. doc."). "The Pressure Gang is a St. Louis based gang that distributes controlled substances, primarily fentanyl and heroin." *Id.* Hoye also admitted that he acted as a lookout and worked on the inside of the Pressure Gang's residence answering the phones used to setup drug purchases. *Id.* On February 20, 2018, law enforcement executed a search warrant on the Pressure Gang's residence. *Id.* Hoye admitted that he attempted to hide in a closet on the second floor of the residence. *Id.* Law enforcement located a stolen pistol with a drum magazine while searching the residence. *Id.* at 4.

2

On May 2, 2018, law enforcement received a radio assignment for a suspicious person that matched Hoye's description. *Id.* When Hoye saw the marked police car, he began to walk across the street to an alley. *Id.* While conducting a field interview with Hoye, "the officer saw two clear plastic baggies with blue and white capsules protruding from Hoye's jacket pocket." *Id.* The officer sized 75 capsules from Hoye containing a white powder weighing 6.79 grams with the presence of fentanyl. *Id.*

As a result of the above conduct, Hoye faced a federal indictment in 2018 charging him with one count each of (1) conspiracy to distribute fentanyl, (2) possession with intent to distribute fentanyl, (3) possession of a firearm in furtherance of a drug-trafficking crime, and (4) possession with intent to distribute fentanyl. 2018 crim. docs. 1–2. Hoye pleaded guilty to one count of conspiracy to distribute fentanyl. 2018 crim. doc. 71. In exchange, the United States agreed to move for dismissal of the remaining charges. *Id.* at 1. As part of the guilty-plea agreement, the parties agreed that Hoye was not "safety valve eligible due to the use of weapons by the Pressure Gang as part of their conspiracy to distribute fentanyl." *Id.* at 5. However, the parties acknowledged that Hoye "was not seen in possession of a weapon on February 20, 2018, and May 2, 2018." *Id.*

Hoye and Range have meaningly different criminal histories and prior convictions. Hoye's conspiracy-to-distribute-fentanyl conviction evidences dangerousness and justifies disarmament. *See Pitsilides v. Barr*, 128 F.4th 203, 213 (3d Cir. 2025) (noting that while drug dealing is not necessarily violent, it is dangerous because it often leads to violence); *see also Jackson*, 110 F.4th at 1128 ("The very structure of the Gun Control Act demonstrates that Congress . . . sought broadly to keep firearms away from the persons Congress classified as potentially irresponsible and dangerous."). Because *Jackson* remains good law in the Eighth

3

Circuit, the Court may not apply the Third Circuit precedent favored by Hoye. But even if it did, Hoye's challenge would fail.

The Court agrees with Judge Bodenhausen's conclusion that the Court is bound by Eighth Circuit precedent and that *Jackson* forecloses Hoye's argument. The Court (1) overrules Hoye's [33] objection, (2) sustains, adopts, and incorporates Judge Bodenhausen's [32] Report and Recommendation, and (3) denies Hoye's [27] Motion to Dismiss.

So ordered this 8th day of October 2025.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE